**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| D'ADDARIO & COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No.: **1:20-cv-185**<br><br>**JURY TRIAL REQUESTED**<br><br>**REDACTED PUBLIC VERSION** |

## COMPLAINT

Plaintiff D'Addario & Company, Inc. ("D'Addario") by its attorneys, DLA Piper LLP (US), brings this action for trademark infringement, counterfeiting, unfair competition and trademark infringement under federal and Illinois law against The Partnerships and Unincorporated Associations Identified on Schedule "A" ("Defendants") and by and for their Complaint (the "Complaint") alleges as follows:

## NATURE OF THE ACTION

1. This action has been filed to combat online counterfeiters who trade upon Plaintiff D'Addario's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit products featuring D'Addario's registered trademarks (the "Infringing Products").

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. §§1331 and

1338(a)–(b). This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in Illinois and causes harm to D'Addario's business within this Judicial District pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq*. Specifically, Defendants have shipped the Infringing Products to consumers in the Northern District of Illinois.

4. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) because (i) the acts of infringement and other wrongful conduct alleged occurred in the Northern District of Illinois, and (ii) Defendants' conduct has caused harm in the Northern District of Illinois. Specifically, Defendants directly targets business activities toward consumers in the United States, including Illinois, and is reaching out to do business with Illinois residents by through at least one or more fully interactive online channels, including the websites Alibaba.com and Facebook.com, as well as direct solicitation from musical instrument and musical instrument accessory suppliers located in the United States. Defendants receive orders and ships its products to consumer recipients in Illinois, accept payment to their PayPal account in U.S. dollars, and have sold counterfeit versions of D'Addario strings to residents in Illinois. Defendants have committed tortious acts in Illinois, engaged in interstate commerce, and have wrongfully caused D'Addario substantial injury in the State of Illinois.

## THE PARTIES

5. Plaintiff D'Addario is a corporation organized under the laws of the State of New York, with its principal place of business in Farmingdale, New York.

6. Plaintiff D'Addario is a leading manufacturer of musical instrument accessories that are sold globally, including extensively throughout the United States.

7. By consistently providing high quality guitar strings to its customers for almost half a century, D'Addario has come to be well recognized by consumers for its guitar strings and consumers associate the D'Addario marks with well-crafted and well-constructed guitar strings and corresponding high quality sound produced by such strings (the "D'Addario strings").

8. Undoubtedly aware of the strong reputation that D'Addario has established for the D'Addario strings, third parties are producing and selling Infringing Products, which are sub-standard guitar strings branded with the D'Addario marks and held out to potential consumers as D'Addario strings, in an effort to capitalize on the goodwill and reputation that D'Addario has developed in connection with its D'Addario strings.

9. Consumers are purchasing the Infringing Products, that appear to be authentic D'Addario strings, only to discover that they had inadvertently purchased an inferior, sub-standard set of guitar strings.

10. In order to protect its customers, along with the brand and reputation that D'Addario has established in the D'Addario trademarks, D'Addario brings this instant proceeding to combat the actions of these third parties.

11. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.

12. Defendants conduct business throughout the United States, including within this Judicial District, through fully interactive online channels, including the websites Alibaba.com and Facebook.com, and well as through direct solicitation from musical instrument and musical instrument accessory suppliers located in the United States.

13. Upon information and belief, Defendants manufacture their products in China, but solicit sales from and ship products throughout the United States, including, but not limited to, into Illinois, California, and New York.

14. Defendants have offered to sell and have sold the Infringing Products to consumers within the State of Illinois.

## FACTUAL ALLEGATIONS

### D'Addario's Business and the Valuable Trademark Registrations

15. For almost fifty (50) years, D'Addario has been an industry leading manufacturer of musical instrument accessories.

16. D'Addario's strings have become synonymous with well-crafted and well-constructed guitar strings, and corresponding high quality sound.

17. Since at least as early as 1973, D'Addario has sold D'Addario strings bearing the D'ADDARIO trademark and featuring the distinctive six strings design mark (the "D'Addario Marks").

18. Given the importance of the D'Addario Marks to the D'Addario business, D'Addario sought and received several federal trademark registrations for the D'Addario Marks in the United States and in numerous international jurisdictions.

19. Federal registrations for the D'Addario Marks, namely U.S. Trademark Registration Nos. 1106621, 4393958, 4393959, and 4393960 are now incontestable. These

4

incontestable trademark registrations are valid and subsisting and provide conclusive evidence of D'Addario's exclusive right to use the D'Addario Marks in commerce in connection with guitar strings. D'Addario owns the following federal registrations for the D'Addario Marks:

| MARK | REG. DATE | REG. NO. | GOODS |
|---|---|---|---|
| D'Addario (logo) | August 27, 2013 | 4393959 | 15: Strings for musical instruments |
| D'Addario (stylized logo) | August 27, 2013 | 4393960 | 15: Strings for musical instruments |
| D'ADDARIO | November 21, 1978 | 1106621 | 15: Guitar strings |
| D'ADDARIO | September 24, 2019 | 5868437 | 9: metronomes.<br>11: humidifiers for musical instruments.<br><br>15: Parts and pieces for musical instruments, namely, strings, tuners, keys for tuning instruments drum patches for dampening drum sounds, drum mufflers, mutes, dampeners for musical instruments used to modulate the sound of the instrument, snare drum wires, beaters for playing percussion instruments, sticks for playing, percussion instruments, brushes for playing percussion instruments, grips and grip tape used to help a musician to hold drumsticks, specially adapted bags for carrying sticks and brushes for playing, percussion instruments, reeds, mouthpieces, straps, reed cases, reed guards, namely, holders for reeds for musical instruments; mallets for playing percussion instruments, picks, guitar stands, guitar slides, namely, an apparatus to produce a specific sound on a |

5

| | | | |
|---|---|---|---|
| | | | guitar neck, guitar rests, namely, a support for guitars, capos, winders for musical instrument strings, namely, an apparatus for winding strings on tuning pegs, tuning devices for musical instruments. |
| | August 27, 2013 | 4393958 | 15: Strings for musical instruments |
| | November 26, 2019 | 5918784 | 9: metronomes<br><br>11: humidifiers for musical instruments.<br><br>15: Parts and pieces for musical instruments, namely, strings, tuners, keys for tuning instruments drum patches for dampening drum sounds, drum mufflers, mutes, dampeners for musical instruments used to modulate the sound of the instrument, snare drum wires, beaters for playing percussion instruments, sticks for playing percussion instruments, brushes for playing percussion instruments, grips and grip tape used to help a musician to hold drumsticks, specially adapted bags for carrying sticks and brushes for playing percussion instruments, reeds, mouthpieces, straps, reed cases; reed guards, namely, holders for reeds for musical instruments; mallets for playing percussion instruments, picks, guitar stands; guitar slides, namely, an apparatus to produce a specific sound on a guitar neck; guitar rests, namely, a support for guitars; capos, winders for musical instrument strings, |

6

|  |  |  | namely, an apparatus for winding strings on tuning pegs; electronic tuners for stringed musical instruments. |

20. True and correct copies of the U.S. Trademark Registrations for the D'Addario Marks are attached hereto as **Exhibit 1**.

21. In addition to the U.S. Trademark Registrations identified in **Exhibit 1**, D'Addario owns registrations for the D'Addario Marks in a large number of international jurisdictions.

22. D'Addario has continuously used the D'Addario Marks on and in connection with the creation and distribution of D'Addario strings. D'Addario strings have been purchased or used by numerous high profile musicians and entertainers.

23. D'Addario has promoted its D'Addario strings in interstate and intrastate commerce, including commerce in the State of Illinois, in this Judicial District.

24. D'Addario has invested substantial time, effort, and money in developing, advertising, promoting, and protecting the D'Addario Marks.

25. D'Addario strings have achieved substantial commercial success. Worldwide sales in 2019 were approximately ▓▓▓▓▓▓▓▓▓▓, which equates to approximately ▓▓▓▓▓▓▓▓ sold in this calendar year. The D'Addario brand has established itself as one of the best-selling guitar string brands in the U.S. and abroad.

26. As a result of D'Addario's extensive and continuous use and promotion of the D'Addario Marks in connection with its D'Addario strings, the D'Addario Marks are widely recognized and have acquired substantial value as specific identifiers of D'Addario's products and serve to identify and distinguish D'Addario's strings from those of others. Indeed, the D'Addario Marks are widely recognized and exclusively associated by consumers, the public and buyers of

musical instruments and musical instrument accessories as a designation of D'Addario strings.

27. The D'Addario Marks are intellectual property assets of significant value as symbols of D'Addario and its high quality products, reputation and goodwill.

28. D'Addario has never authorized or consented to Defendants' use of the D'Addario Marks.

### Defendants' Infringing Conduct

29. Defendants are selling and manufacturing counterfeit musical instruments and musical instrument accessories, including guitar strings.

30. Upon information and belief, Defendants do not operate their own website, but sell their goods through a variety of other channels. These methods of sale include, but are not limited to, through the profile page that is operates via the Alibaba website (███████████████████████████████████████████████████), through its profile page on the Facebook platform, and by directly soliciting sales from musical instrument and musical instrument accessory suppliers.

31. Though Defendants sell numerous musical instruments and musical instrument accessories through the Alibaba page on their website, Defendants do not list D'Addario strings for sale on the page that they operate through Alibaba's website.

32. Upon information and belief, without authorization or license from D'Addario, Defendants have contacted musical instrument suppliers in the U.S., as well as in other international jurisdictions, by messaging them through the Facebook platform. In these messages, Defendants knowingly and willfully deceive consumers by suggesting they sell D'Addario branded guitar strings. Defendants also offer, and have shipped counterfeit D'Addario strings to the U.S., including Illinois.

33. In addition, the Defendants' profile page on the Facebook platform contains numerous photographs of what appear to be Defendants' warehouse, filled with Infringing Products. True and correct copies of screenshots from Defendants' profile page on the Facebook Platform are attached hereto as **Exhibit 2**.

34. The guitar strings featured on Defendants' Facebook profile page closely resemble the D'Addario strings in almost every way, however, D'Addario has not produced the guitar strings offered by Defendants, and Defendants are offering a sub-standard low quality guitar strings, in place of authentic D'Addario strings.

35. D'Addario worked with a private investigator to purchase counterfeit guitar strings from Defendants that feature the D'Addario Marks and that Defendants were holding out to consumers to be D'Addario strings.

36. In Defendants' communications with the private investigator, Defendants confirmed that they have D'Addario strings and, following the investigator's inquiry regarding why the D'Addario strings did not appear on Defendants' profile on the Alibaba website, Defendants disclosed that Defendants cannot offer the Infringing Products for sale on the page that they operate through Alibaba's website because, "D'Addario strings will submit a complaint to us if we sell copy design in Alibaba directly".

37. Defendants confirmed that the private investigator could pay for the strings by making a payment of U.S. dollars to Defendants' PayPal account, and provided the investigator with the Defendants' PayPal account information.

38. The private investigator subsequently paid for the purchased strings by submitting a payment of U.S. dollars to Defendants' PayPal account.

39. D'Addario then received shipment of the strings in New York and confirmed that

the strings purchased from Defendants by the private investigator were not authentic D'Addario strings, though they were designed to almost exactly replicate the D'Addario strings and held out as D'Addario strings to consumers.

40. D'Addario also worked with another private investigator to purchase counterfeit guitar strings from Defendants that feature the D'Addario Marks and that Defendants were holding out to consumers to be D'Addario strings.

41. Defendants confirmed that the private investigator could pay for the strings by making a payment of U.S. dollars to Defendants' PayPal account, and provided the investigator with the Defendants' PayPal account information.

42. The private investigator subsequently paid for the purchased strings by submitting a payment of U.S. dollars to Defendants' PayPal account.

43. D'Addario then received shipment of the strings in Illinois and in California and confirmed that the strings purchased from Defendants by the private investigator were not authentic D'Addario strings, though they were designed to almost exactly replicate the D'Addario strings and held out as D'Addario strings to consumers.

44. Though the Infringing Products are of significantly inferior quality and design, they appear from the photographs on Defendants' profile page on the Facebook platform and when viewing the Infringing Products in person, to be substantially indistinguishable and substantially similar to D'Addario's genuine D'Addario strings.

45. Defendants' use of the D'Addario Marks in connection with the advertising, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming D'Addario.

## COUNT I

### Infringement of Federally Registered D'Addario Marks in Violation of 15 U.S.C. § 1114 and Lanham Act § 32

46. D'Addario repeats and realleges every allegation in paragraph 1 through 45 as if fully set forth herein.

47. D'Addario owns valid and incontestable United States Federal Trademark Registrations for its D'Addario Marks.

48. Since at least as early as 1973, and well before any of Defendants' actions complained of herein were committed, D'Addario has continuously used the D'Addario Marks throughout the United States as a source identifier for its guitar strings.

49. Defendants are engaged in the sale and offering for sale of the Infringing Products that feature and therefore infringe the D'Addario Marks.

50. Such unauthorized use of the D'Addario Marks confuses consumers into falsely believing that Defendants' Infringing Products are manufactured or authorized by D'Addario when, in fact, they are not.

51. Defendants' Infringing Products are confusingly similar to the appearance of the genuine D'Addario strings, through the unauthorized use of the D'Addario Marks in connection with the Infringing Products, and are likely to cause confusion, mistake, or to deceive, in violation of 15 U.S.C. § 1114(1).

52. Defendants' use of the D'Addario Marks without consent from D'Addario was and is a willful and intentional infringement of the D'Addario Marks.

53. Defendants have profited from its acts of infringement. D'Addario is entitled to recover Defendants' profits arising from the infringement, any damages sustained by D'Addario arising from said infringement, as well as the costs of this action. D'Addario is also entitled to an

enhanced award of profits and/or damages to fully and adequately compensate it for Defendants' infringement. Pursuant to 15 U.S.C. § 1117(a), D'Addario is entitled to recover reasonable attorneys' fees and costs incurred in this action.

54. Defendants' violation of 15 U.S.C. § 1114 has caused and, unless enjoined by the Court, will continue to cause irreparable injury to D'Addario which is not fully compensable in monetary damages. D'Addario is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants' from use of the D'Addario Marks or any other mark that is confusingly similar to the D'Addario Marks.

## COUNT II

### Trademark Counterfeiting of Registered Mark Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

55. D'Addario repeats and realleges every allegation in Paragraphs 1 through 54 of its Complaint as if fully set forth herein.

56. D'Addario owns valid and incontestable United States Trademark Registrations for the D'Addario Marks.

57. Since at least as early as 1973, and well before Defendants' actions complained of herein were committed, D'Addario has continuously used the D'Addario Marks throughout the United States, and internationally, to identify its guitar strings.

58. Defendants are selling Infringing Products which are almost identical to or substantially indistinguishable from the guitar strings that D'Addario sells under the D'Addario Marks.

59. Without D'Addario's consent, Defendants reproduced, counterfeited, copied, and/or colorably imitated the D'Addario strings, and applied such reproductions, counterfeits, copies, and/or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or

advertisements, as defined under 15 U.S.C. § 1116(d)(1)(B)(ii), intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of the infringing product in a manner likely to cause confusion, or to cause mistake, or to deceive.

60. D'Addario did not authorize Defendants' use of its D'Addario Marks, and such unauthorized use of the D'Addario Marks has confused consumers into falsely believing that Defendants' products are manufactured or authorized by D'Addario when, in fact, they are not.

61. As a direct and proximate result of the actions of Defendants as alleged above, D'Addario has been and will continue to be damaged and irreparably harmed. D'Addario is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants' from use of the D'Addario Marks or any other mark that is confusingly similar to the D'Addario Marks.

## COUNT III

**False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)**

62. D'Addario repeats and realleges every allegation in Paragraphs 1 through 61 of its Complaint as if fully set forth herein.

63. Defendants are using the D'Addario Marks in connection with the advertising, promoting, offering for sale, selling and distributing of Infringing Products that are not manufactured or produced by D'Addario.

64. Defendants' use of the D'Addario Marks constitutes use in commerce of a word, term, name, symbol, or device, or combination thereof, and a false designation of origin that is likely to cause confusion or mistake in the public mind or to deceive the public, as to the affiliation, connection or association of Defendants with D'Addario, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by D'Addario.

65. Defendants had actual or constructive knowledge of D'Addario's ownership of the D'Addario Marks, and Defendants are committing the foregoing acts with full knowledge that they are infringing upon D'Addario's rights.

66. The aforementioned use by Defendants constitutes willful and intentional unfair competition in violation of 15 U.S.C. § 1125(a).

67. Defendants have profited from their acts of false designation of origin and unfair competition. D'Addario is entitled to recover Defendants' profits arising from their conduct as well as any damages sustained by D'Addario arising from said conduct.

68. In addition, Defendants' violation of 15 U.S.C. § 1125(a) has caused and, unless enjoined by this Court, will continue to cause irreparable injury to D'Addario's goodwill, business identity and reputation. D'Addario is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants from using the D'Addario Marks or engaging in unfair competition with D'Addario.

## COUNT IV

**Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

69. D'Addario repeats and realleges every allegation in Paragraphs 1 through 68 of its Complaint as if fully set forth herein.

70. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit products as those of D'Addario; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine D'Addario products; representing that their products have D'Addario's approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

71. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 et seq.

72. D'Addario owns valuable, current goodwill constituting property or commercial advantage in the D'Addario Marks, which has arisen and exists through public association in the minds of consumers between the D'Addario Marks and the goods sold by D'Addario.

73. D'Addario has no adequate remedy at law, and Defendants' conduct has caused D'Addario to suffer damage to its reputation and goodwill. Unless enjoined by the Court, D'Addario will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, D'Addario requests that the Court grant the following relief:

1. That Defendants be adjudged to have infringed the D'Addario Marks in violation of the Lanham Act and Illinois law;

2. That Defendants be adjudged to have willfully and deliberately infringed the D'Addario marks in violation of the Lanham Act and Illinois law;

3. That Defendants be adjudged to have willfully and deliberately used a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, in violation of the Lanham Act and Illinois law;

4. That Defendants, its officers, agents, employees and all persons acting or claiming to act on its behalf under its direction or authority, and all persons acting or claiming to act in concert or in participation with it or any of them, be preliminarily and permanently enjoined and restrained from infringing the D'Addario Marks in any manner in the sale, promotion, distribution, purchase, or advertising of Defendants' products, and specifically, enjoined from using the D'Addario Marks, or any product that is substantially similar to the D'Addario Marks;

5. That Defendants be required to turn over and deliver up to the Court or to a Court-designated party during the pendency of this action all infringing materials in its custody and control (including records documenting the manufacture, sale or receipt of infringing items) and to turn over for destruction all infringing matters and all matters used to make infringing materials, as well as turn over and deliver any and all materials in its possession, custody or control, or that of its owners, officers, agents, brokers, or employees, that would, if used, or marketed or otherwise distributed, violate the injunctive relief granted herein, for ultimate destruction of such items;

6. That Defendants be required to publish notice to all distributors, brokers, retailers, tradeshows, sellers, and other customers or others in the trade who may have seen, or heard of Defendants' use of the D'Addario Marks, which notice shall disclaim any connection with Plaintiff and shall advise them of the Court's injunction order and Defendants' discontinuance from all use of the D'Addario Marks;

7. That Defendants be ordered to pay the costs of corrective advertising;

8. That Defendants be ordered to pay the actual damages Plaintiff has sustained as a result of Defendants' infringement of the D'Addario marks to the full extent provided for by 15 U.S.C. § 1117;

9. That Defendants be ordered to account for and pay over to Plaintiff all gains, profits, and advantages derived by them as a result of their infringement of the D'Addario Marks to the full extent provided for by 15 U.S.C. § 1117;

10. That any of the Defendants' assets that are subject to the jurisdiction of the Court, be restrained and frozen pending the outcome of this action so that D'Addario's rights to the damages set forth in this Complaint are not rendered meaningless, including, but not limited to, all funds paid to Defendants through PayPal, credit cards, direct deposits or other methods used by

the Defendants.

11. For an award of costs and reasonable attorneys' fees and costs of litigation under 15 U.S.C. § 1117;

12. For an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117;

13. For an award of statutory damages in accordance with 15 U.S.C. §1117(c) of up to $2,000,000 per mark per type of product or service sold, offered for sale, or distributed by Defendants bearing marks deemed to be counterfeits of the D'Addario strings.

14. For all other relief the Court deems just and proper.

Pursuant to Fed. R. Civ. P. R. 38, Plaintiff demands a jury trial for all issues triable by jury.

Dated: Janaury 9, 2020

Respectfully submitted,

By: /s/ *Gina L. Durham*

    Gina L. Durham (Reg. No. 629684)
    Jordan A. Chisek (*pro hac vice pending*)
    **DLA PIPER LLP (US)**
    555 Mission Street, Suite 2400
    San Francisco, California 94105
    Telephone: 415-836-2506
    Facsimile: 415-659-7333
    gina.durham@dlapiper.com

    Melissa A. Reinckens (*pro hac vice pending*)
    **DLA PIPER LLP (US)**
    401 B Street, Suite 1700
    San Diego, CA 92101-4297
    Telephone: (619)-699-2700
    Facsimile: (619)-699-2701
    melissa.reinckens@dlapiper.com

    Stephanie Lim (Reg. No. 6324246)
    **DLA PIPER LLP (US)**
    444 West Lake Street
    Suite 900
    Chicago, Illinois 60606-0089
    Phone: (312) 368-4000
    stephanie.lim@dlapiper.com

    *Attorneys for Plaintiff*
    *D'Addario & Company, Inc.*

## **DEMAND FOR JURY TRIAL**

D'Addario hereby demands a trial by jury on all issues and claims so triable.

Dated: Janaury 9, 2020

Respectfully submitted,

By: /s/ *Gina L. Durham*
Gina L. Durham (Reg. No. 629684)
Jordan A. Chisek (*pro hac vice pending*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105
Telephone: 415-836-2506
Facsimile: 415-659-7333
gina.durham@dlapiper.com

Melissa A. Reinckens (*pro hac vice pending*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619)-699-2700
Facsimile: (619)-699-2701
melissa.reinckens@dlapiper.com

Stephanie Lim (Reg. No. 6324246)
**DLA PIPER LLP (US)**
444 West Lake Street
Suite 900
Chicago, Illinois 60606-0089
Phone: (312) 368-4000
stephanie.lim@dlapiper.com

*Attorneys for Plaintiff*
*D'Addario & Company, Inc.*

# Schedule A – FILED UNDER SEAL